UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.: 8:19-cr-589-WFJ-AEP

RICARDO VERDIN-CASTRO
_____/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Ricardo Verdin-Castro, USM#: 73176-018, moves (Dkt. 272) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On February 5, 2021, Ricardo Verdin-Castro was sentenced to 120 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction, and a second count of possession with intent to distribute same. Mr. Verdin-Castro's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Verdin-Castro's advisory sentencing range was 135-168 months, and he received a downward variance upon his counsel's oral motion over objection. The Court varied downward in view of Defendant's extreme poverty and personal hardships and to

avoid unwarranted sentencing disparities among defendants. The Bureau of Prisons reports that his projected release is June 14, 2027.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Ricardo Verdin-Castro is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135.

The Federal Defender appears, confirms Mr. Verdin-Castro's eligibility for a reduction, and moves unopposed to reduce his sentence to 108 months (a 12-month reduction in sentence), which is at the bottom of the amended guideline range. Counsel requests consideration of post-sentencing conduct in determining whether a reduction is warranted. U.S.S.G. 1B1.10, comment. (n.1(B)(iii)). Counsel argues Defendant has had only one disciplinary violation for being unsanitary or untidy in 2021 and has completed educational programming. Dkt. 263 at 3.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and the Court finds the factors militate against a reduction. This was a

large cocaine smuggling case involving one go-fast vessel (the Camilita) and two other boats—a refueler and boat "X." Dkt. 265 at 6–7. This Defendant, upon arrest, acknowledged that he was the captain of the refueling vessel. Dkt. S-210 at 8. After his vessel encountered issues, he and two other co-defendants on the refueling boat transitioned to the Camilita, which eventually carried all eight defendants, together with 708 kilograms of cocaine. Dkt. 265 at 7, 10; Dkt. S-210 at 6–7. The U.S. Coast Guard intercepted the Camilita in international waters southwest of La Palma Sola, Mexico. Dkt. S-210 at 6.

    18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense. This was a vast drug smuggling venture initially involving three vessels with almost three-quarters of a ton of cocaine. Defendant received the just and proper sentence in this case. Any further reduction would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction. That Defendant had a disciplinary violation in prison does not support any further reduction. Lastly, Defendant will most likely be deported to Mexico upon release.

    Mr. Ricardo Verdin-Castro's motion (Dkt. 272) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 27, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE